Singh v. Sessions

BIA
Christensen, IJ
A201 292 537

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand seventeen.

PRESENT:
RICHARD C. WESLEY
DENNY CHIN,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

KARNAIL SINGH,
*Petitioner,*

v.                                          15-2419
                                            NAC

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:            Jaspreet Singh, Jackson Heights, NY.

FOR RESPONDENT:            Benjamin C. Mizer, Principal Deputy Assistant Attorney General; John S. Hogan, Assistant Director; Andrea N. Gevas, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Karnail Singh, a native and citizen of India, seeks review of a July 2, 2015, decision of the BIA affirming a February 24, 2014, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Karnail Singh,* No. A201 292 537 (B.I.A. July 2, 2015), *aff'g* No. A201 292 537 (Immig. Ct. N.Y. City Feb. 24, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Under the REAL ID Act of 2005, the agency may, in light of "the totality of the circumstances," base an adverse credibility determination on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account,

and inconsistencies in his statements. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008)(per curiam). In conducting "substantial evidence" review, "we defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The adverse credibility determination against Singh rests on substantial evidence. Singh's testimony diverged from his asylum application in material ways. He testified that he was beaten four times, but his application identified three beatings. Singh later testified that he was beaten only three times, and explained that the first incident he had alluded to, in August 2010, involved threats, not physical abuse, and hence he did not include it on his asylum application. A reasonable adjudicator would not be compelled to credit this explanation; as the IJ noted, the first occurrence purportedly marked the start of his mistreatment at the hands of the Congress Party. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Singh's testimony about his January 12, 2011 beating was fraught with confusion. He variously testified that he went to the hospital straight after he had been beaten up, he took medication from the hospital before he went to the police

3

station, he took homemade medication before he went to the police station, and he was arrested and taken to the police station before he went to the hospital. Similarly, he variously testified that he was never arrested, he was arrested and beaten with sticks at the police station, and the Congress Party beat him with sticks. He testified that he went to the police station to give a report, but the police did not listen to him, but moments later testified that after the Congress Party made a complaint against him, the police arrested him. Finally, his asylum application stated that after the January 12, 2011 incident with Congress Party members, he was held overnight. However, he variously testified that he was at the police station for two to three hours, he was held for four hours in the evening and released the next day, and he was assaulted by Congress Party members in the morning and arrested afterwards.

These inconsistencies amply support the adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. In his petition for review, Singh explains that he felt intimidated on cross-examination. The agency was not compelled to accept that explanation. *Majidi*, 430 F.3d at 80. Moreover, as the BIA noted, several of the inconsistencies outlined above arose during direct examination by Singh's own attorney.

4

Singh challenges the agency's decision to give diminished weight to his documentary evidence. "We defer to the agency's determination of the weight afforded to an alien's documentary evidence." *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013). The reason given here--the authors were unavailable for cross-examination--was a proper basis for the exercise of the agency's discretion, particularly in light of the adverse credibility determination. *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

Singh argues that the agency had to analyze his CAT claim separately, and cites background evidence of prisoner suicides while in Indian police custody as warranting CAT relief. If a CAT claim is based on the same facts that the agency found not credible in analyzing the asylum claim, that credibility determination is dispositive. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005); *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). That rule applies here: Singh claims he will be tortured based on his past incidents with the Congress Party and police, but the agency discredited his testimony that those incidents ever occurred. That

credibility determination was fatal to his CAT claim.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk